SAVOIE, Judge.
Third-party defendant/plaintiff, Oilfield Industrial Lines, Inc. (hereinafter referred to as O.I.L., a Texas Corporation), appeals the trial court’s granting of third-party defendant, Burnsco Blowout Preventer Repair Services, Inc.’s (hereinafter referred to as Burnsco, a Texas corporation), declinato-ry exception of lack of in personam jurisdiction over it.
On December 31, 1980, plaintiff, Cobra Rental Company (hereinafter referred to as Cobra, a Louisiana business), purchased two pipeline blowout preventers from Straps Sales & Service, Inc. (hereinafter referred to as Straps, a Louisiana Corporation). Said blowout preventers supposedly possessed certain standards and specifications and were represented to be in proper working order. Originally rebuilt and tested by Burnsco, the blowout preventers were subsequently sold to O.I.L. and then to Straps. Following receipt by Cobra thereof, it tested the blowout preventers and found them to be lacking in the standards and specifications required. Based on these test results, Cobra undertook to repair same to conform with the specifications required at a cost to it of $62,026.69.
Cobra filed suit against Straps to recover the cost of said repairs. Subsequently, Straps filed a third-party demand against O.I.L. and Burnsco. Therein, Straps sought reimbursement for any sums rendered against it in the principal demand. In response thereto, O.I.L. filed a third-party demand against Burnsco, seeking indemnification for any sum it was found liable to pay Straps. Burnsco thereafter filed a declinatory exception, claiming that this court lacked in personam jurisdiction over it in both third-party demand’s of Straps and O.I.L.
The trial court sustained Burnsco’s exceptions as to both third-party plaintiffs finding that the requirements of Louisiana’s long-arm statute (LSA-R.S. 13:3201) and the “minimum contacts” test had not been met. Straps having failed to timely *1033 appeal, said judgment is final. However, O.I.L. appeals, contending that the trial court erred in sustaining Burnsco’s exception in view of the law and evidence presented herein.
Specifically, O.I.L. alleges that this court has in personam jurisdiction over Burnsco by reason of the subsequent sales of said equipment to third-parties in Louisiana constituting “sufficient minimum contacts.” It asserts that Louisiana’s long-arm statute has been interpreted expansively enough to confer in personam jurisdiction over Burn-sco.
LSA-R.S. 13:3201[1] provided at the time pertinent herein that:
A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from the nonresident’s
(a) transacting any business in this state;
(b) contracting to supply services or things in this state;
(c) causing injury or damage by an offense or quasi offense committed through an act or omission in this state;
(d) causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state; or
* # # * * *
In the matter sub judice, the trial court found that Burnsco contracted with O.I.L. to supply certain services associated with the blowout preventers in Texas. It further found that Burnsco was not licensed to nor did it do any business in Louisiana. Noting that Straps alleged only that it purchased the equipment from O.I.L. based on representations and tests allegedly performed by Burnsco, the court found that the requirements of LSA-R.S. 13:3201 had not been met. Accordingly, it dismissed the third-party demands against Burnsco. We agree.
The record is devoid of any evidence that Burnsco transacted to do business or supply any services or things in Louisiana. Further, the record is clear that any act or service rendered by Burnsco to O.I.L. was rendered in Texas and that Burnsco’s acts were commited outside Louisiana. The record also indicates that Burnsco neither regularly did or solicited business, engaged in a persistent course of conduct, or derived substantial revenue from goods used or consumed or services rendered in Louisiana.
Based upon these facts, we conclude that the trial court correctly applied the law thereto and Burnsco’s actions do not fall within the statutory provisions of LSA-R.S. 13:3201.
For the above and foregoing reasons, judgment of the trial court is hereby affirmed. Appellant, Oilfield Industrial Lines, Inc., is to pay all costs of this appeal.
AFFIRMED.

. We note that LSA-R.S. 13:3201 was amended in 1984 to include manufacturers whose products could have been foreseen, realized, expected, or anticipated to eventually be found in Louisiana by reason of its nature or the manufacturer's marketing practices. LSA-R.S. 13:3201(8). Such amendment is substantive in nature and changes the rights of litigants in Louisiana. As such, while it may well apply to similar facts after 1984, we cannot apply it retroactively. LSA-R.S. 1:2; and LSA-C.C. art. 8.